IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:24CR-45 HEA SRW |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHON HERRINGTON | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, Defendant, by counsel Kenneth R. Schwartz, and submits the following in support of his motion to suppress physical evidence following an illegal traffic stop on October 16, 2023. The initial alleged traffic violation lacked the requisite reasonable suspicion to stop the Defendant. Thus, the subsequent evidence resulting from the illegal traffic stop constitutes fruit of the poisonous tree and should be suppressed.

**FACTS**

Defendant Stephon Herrington is charged with a violation of Title 21, United States Code, Section 841(b)(1)(B)(viii) in Count one, alleged to have occurred on October 16, 2023. He's also charged with a Section 841 violation alleged to have arisen out of a search executed on February 7, 2024 in Count two. Also arising out of the February 7, 2024 allegations are alleged violations of 18 United States Code, Section 922(g)(1) in Count three, and a violation of 18 United States Code, Section 924(c) in count four. Count one arises from a seizure of the defendant based on an allegation of a traffic violation. Defendant was lawfully operating his vehicle when an officer initiated a

1

traffic stop. In further violation of the Defendant's Fourth Amendment rights, officers searched the vehicle. The traffic stop was not supported by reasonable suspicion. Law enforcement subsequently sought to execute an arrest warrant, that was based upon evidence unlawfully obtained. During the execution of the arrest and an unlawful search, it is alleged that the defendant possessed a controlled substance and committed weapons violations, as set forth in Counts three and four. The purported evidence obtained pursuant, was tainted by the initial unconstitutional seizure and constitutes fruit of the poisonous tree.

## ARGUMENT

I. **POLICE DID NOT HAVE THE REQUISTE REASONABLE SUSPICION TO INITIATE THE TRAFFIC STOP**

A traffic stop constitutes a seizure under the Fourth Amendment and must be supported by probable cause or an articulable and reasonable suspicion that a traffic violation has occurred. *United States v. Chartier*, 772 F.3d 539, 543 (8th Cir. 2014). While even a minor traffic violation may supply probable cause, the Fourth Amendment prohibits random or pretextual stops unsupported by specific, articulable facts. *United States v. Beck*, 140 F.3d 1129 (8th Cir. 1989); *Delaware v. Prouse*, 440 U.S. 648, 651 (1979). Absent such justification, a stop is unconstitutional. *Id*. Thus, if no traffic violation occurred, it cannot reasonably or possibly be supported by probable cause and therefore is unlawful.

The officer asserts that the Defendant committed a traffic violation by allegedly making a lane change that cut off another driver. However, no such traffic violation occurred.

Accordingly, the stop was constitutionally invalid at its inception and the subsequent search, along with all evidence derived from it, was unlawful.

## II.    EVIDENCE OBTAINED AS A RESULT OF THE ILLEGAL TRAFFIC STOP IS FRUIT OF THE POISONOUS TREE AND SHOULD BE SUPPRESSED

Under the fruit of the poisonous tree doctrine, evidence obtained as a result of unlawful police conduct must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). This prohibition extends not only to evidence directly seized during an illegal search, but also to evidence later discovered when it is derivative of the initial constitutional violation. *United States v. Swope*, 542 F.3d 609, 613 (8th Cir. 2008). Evidence obtained at a traffic stop through a Fourth Amendment violation is normally subject to exclusion. *United States v. Betts*, 88 F.4th 769, 773 (8th Cir. 2023). The government may avoid suppression only by establishing that the challenged evidence was obtained through an independent source. *Swope,* 542 F.3d at 613. However, where the officer's decision to seek a warrant was prompted by observations made during an unlawful stop or search, the warrant is not supported by an independent source, and the resulting evidence remains tainted. *Id.* Accordingly, because the warrant authorizing the arrest, the alleged basis for the search of the Defendant's residence, flowed directly from an unlawful traffic stop, all evidence seized pursuant to that warrant must be suppressed as fruit of the poisonous tree. See *United States v. Twilley*, 222 F.3d 1092, 1097 (9th Cir. 2000).

Here, the officer observed no traffic violation and lacked any articulable basis to suspect unlawful conduct before initiating the stop of Herrington. The officers did not have probable cause to believe Defendant violated Missouri Laws governing traffic. Therefore, information justifying subsequent searches would no longer be valid.

The evidence obtained from Defendant's house is subject to suppression under the Fruit of the Poisonous Tree doctrine. Here, the warrant was obtained after an illegal stop and did not come from an independent source. On February 7, 2024, members of the Special Enforcement Unit responded to a house, in order to make contact with Defendant Herrington after a warrant

3

was issued on January 31, 2024. This warrant arises from the illegal traffic stop that occurred on October 16, 2023, in which certain evidence was obtained. After officers made contact with Herrington, they conducted a search of the house that resulted in evidence, including a Glock, methamphetamine, pills, and marijuana, being obtained. However, because the warrant flows from information gathered as a result of the unlawful traffic stop, the officer did not have an independent source for obtaining the information needed to obtain such a warrant. Therefore, the evidence obtained from the house is fruit of the poisonous tree and should be suppressed.

## CONCLUSION

Critically, because the stop was unlawful at its inception, all evidence obtained as a direct result, including methamphetamine, the pistol, and any other evidence, constitutes fruit of the poisonous tree and must be suppressed as the product of an unreasonable seizure in violation of the Fourth Amendment.

By   /S/ Kenneth R. Schwartz
KENNETH R. SCHWARTZ #44528 MO
Attorney for Defendant
222 S. Meramec Ave., Suite 203
Clayton, Missouri  63105
(3l4) 863-4654
(314) 862-4357 - fax

## CERTIFICATE OF SERVICE

The undersigned certifies the above was e-filed this 20TH day of February, 2026.

 /s/  Kenneth R. Schwartz